IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL NO: 3:14cr87 HTW-FKB |
| v. | |
| | |
| JOHN LOUIS BLALACK | 18 U.S.C. § 371 |
| SARAH ADELIA GRAVES | 18 U.S.C. § 249 |
| ROBERT HENRY RICE | 18 U.S.C. § 924 (c) |
| SHELBIE BROOKE RICHARDS | 18 U.S.C. § 373 |
| | 18 U.S.C. § 1001 |



**The Grand Jury charges that:**

COUNT 1

From on or about April 1, 2011, through on or about March 22, 2012, in the Northern Division of the Southern District of Mississippi, the defendants, **JOHN LOUIS BLALACK, SARAH ADELIA GRAVES, ROBERT HENRY RICE,** and **SHELBIE BROOKE RICHARDS,** along with others known and unknown to the grand jury, did knowingly and willfully combine, conspire and agree to willfully cause bodily injury to, and through the use of dangerous weapons, attempt to cause bodily injury to, African American persons in and around Jackson, Mississippi, because of the actual and perceived race and color of those persons. The acts done in furtherance of this conspiracy resulted in the death of J.A.

<u>Manner, Means and Objects of the Conspiracy</u>

1. It was part of the Conspiracy that the defendants and other co-conspirators, including Deryl Paul DEDMON, John Aaron RICE, Dylan Wade BUTLER, William Kirk MONTGOMERY, Jonathan Kyle GASKAMP, Joseph Paul DOMINICK, and co-conspirator A, all young white men and women, would drive around Jackson during

the night and early morning hours looking for African American persons to verbally harass and physically assault.

2. It was further part of the Conspiracy that the co-conspirators would use dangerous weapons, including, but not limited to beer bottles, sling shots, shod feet, and motor vehicles, to attempt to cause bodily injury to African American persons in and around Jackson.

3. It was further part of the Conspiracy that the co-conspirators would cause bodily injury to African American persons.

4. It was further part of the Conspiracy that the co-conspirators would particularly target individuals they believed to be homeless and/or under the influence of alcohol or controlled substances because they believed such victims would be less likely to report an assault and less able to resist an attack.

5. It was further part of the Conspiracy that the co-conspirators would encourage each other to cause bodily injury to and to use dangerous weapons in attempting to cause bodily injury to African American persons in Jackson.

6. It was further part of the Conspiracy that the co-conspirators usually carried one or more guns with them during and in relation to their trips to Jackson when they targeted African Americans for physical assaults.

7. It was further part of the Conspiracy that the co-conspirators boasted about their participation in racially motivated physical assaults in Jackson on prior occasions which involved the use of dangerous weapons and/or resulted in bodily injury to African American victims, thereby keeping other members of the Conspiracy informed of their actions.

8. It was further part of the Conspiracy that the co-conspirators solicited other young, white, men and women to join them while they carried out their plan to harass and assault African Americans.

9. It was further part of the Conspiracy that the co-conspirators concealed and covered up their actions by giving false statements to investigating law enforcement officials.

## OVERT ACTS

To advance the Conspiracy and to achieve its aims, defendants **JOHN LOUIS BLALACK, SARAH ADELIA GRAVES, ROBERT HENRY RICE,** and **SHELBIE BROOKE RICHARDS**, along with others known and unknown to the grand jury, committed various overt acts, within the Northern Division of the Southern District of Mississippi, including but not limited to the following:

### Incident One

1. On an occasion between April 1, 2011 and June 26, 2011, defendant **BLALACK**, defendant **R. RICE**, DEDMON, J. RICE, GASKAMP, and MONTGOMERY, drove to Jackson, Mississippi, in the white Jeep, with the purpose of finding an African American to assault.

2. Before the group left for Jackson, GASKAMP retrieved a .40 caliber handgun from his vehicle and the group carried it with them on the trip to Jackson.

3. Once in Jackson, the co-conspirators hurled beer bottles at African American pedestrians.

4. The co-conspirators then identified a vulnerable African American man, who was alone and appeared to be intoxicated, walking on the street at or near a golf course in Jackson.

5. GASKAMP, DEDMON, and J. RICE physically assaulted the African American man by punching and kicking him in the body, head and face until the man begged for his life.

6. As the co-conspirators were driving away, GASKAMP requested that they stop the vehicle so that he could use the gun he had brought with him to shoot the African American man whom they just assaulted.

Incident Two

7. On another occasion between April 1, 2011 and June 26, 2011, defendant **BLALACK,** defendant **R. RICE**, DEDMON, J. RICE, and MONTGOMERY went to Jackson to find African Americans to verbally harass and physically assault.

8. While in Jackson, defendant **R. RICE**, who was driving MONTGOMERY's Jeep, and his co-conspirators identified an African American male pedestrian.

9. Defendant **R. RICE** pressed his foot on the gas of the Jeep and drove in the direction of the pedestrian, nearly hitting him with the vehicle.

Incident Three

10. On another occasion between April 1, 2011 and June 26, 2011, defendants **BLALACK, GRAVES, R. RICE,** and **RICHARDS**, along with DEDMON, J. RICE, MONTGOMERY and others drove around Jackson looking for African Americans to verbally harass and physically assault.

11. Several of the co-conspirators lured an African American man into thinking he was going to sell the co-conspirators drugs before defendant **BLALACK** assaulted the man by punching him in the face.

Incident Four

12. On another occasion between April 1, 2011 and June 26, 2011, defendant **BLALACK**, co-conspirators DOMINICK, BUTLER, MONTGOMERY, and co-conspirator A drove around Jackson looking for African Americans to verbally harass and physically assault.

13. At least one of the co-conspirators had a hand gun in DOMINICK'S truck.

14. Throughout the evening, defendant **BLALACK** and his co-conspirators hurled multiple glass beer bottles at African Americans they passed on the street.

15. One of the beer bottles was thrown by defendant **BLALACK** at a group of African Americans who were standing on or near the street. At least one African American in the group fell to the ground after being struck by a bottle.

16. At some point during the evening, the co-conspirators stopped at a sporting goods store to purchase a sling shot for the express purpose of using it to shoot metal ball bearings at African Americans in Jackson.

17. Defendant **BLALACK** made the purchase after co-conspirator A provided the money for the purchase.

18. Defendant **BLALACK** and the co-conspirators took turns using the slingshot to shoot metal ball bearings at African Americans they encountered, including those who appeared to be vulnerable and visibly impaired.

The Assault and Death of J.A.

19. On or about June 25, 2011, defendants **BLALACK, GRAVES, RICHARDS**, other co-conspirators and others known and unknown to the grand jury attended DOMINICK'S birthday party/bonfire in Puckett, Mississippi.

20. At some point during the party, defendants **BLALACK, GRAVES, RICHARDS**, other co-conspirators, and others known and unknown to the grand jury began talking about going to Jackson, Mississippi, to harass and assault African Americans, whom they referred to as "niggers."

21. Defendants **GRAVES** and **RICHARDS** asked people at the party to accompany them and their co-conspirators to Jackson to participate in the assault of African Americans.

22. Defendant **BLALACK** gathered bottles at the party to use as ammunition for the planned trip to Jackson.

23. As the party ended in the early morning hours of June 26, 2011, defendants **BLALACK, GRAVES,** and **RICHARDS**, along with co-conspirators DEDMON, J. RICE, BUTLER, and MONTGOMERY agreed to reconvene at a Texaco gas station off Interstate Highway 20 in Brandon, Mississippi.

24. Defendant **BLALACK** and co-conspirators MONTGOMERY, J. RICE, and BUTLER decided to drive a white Jeep belonging to MONTGOMERY to Jackson to carry out their plan to harass and assault African Americans.

25. Defendant **BLALACK**, co-conspirators MONTGOMERY, J. RICE, and BUTLER agreed that defendants **GRAVES, RICHARDS** and co-conspirator DEDMON would later drive DEDMON'S green Ford F250 truck to join defendant **BLALACK**, MONTGOMERY, J. RICE, and BUTLER in Jackson.

26. Defendant **BLALACK**, MONTGOMERY, J. RICE, and BUTLER drove in the white Jeep to and around Jackson looking for African Americans to assault.

27. MONTGOMERY was armed with a handgun.

28. As MONTGOMERY drove the vehicle around Jackson, defendant **BLALACK**, J. RICE, and BUTLER hurled glass beer bottles from their moving vehicle at African Americans they encountered.

29. At approximately 4:45 a.m., defendant **BLALACK**, MONTGOMERY, J. RICE, and BUTLER stopped at a Wendy's on Ellis Avenue in Jackson where they spotted J.A. standing next to his vehicle in the adjacent motel parking lot.

30. Defendant **BLALACK**, MONTGOMERY, J. RICE, and BUTLER decided that J.A., a 47-year-old visibly intoxicated African American man, would be a good target for an assault.

31. Defendant **BLALACK**, MONTGOMERY, J. RICE, and BUTLER debated with one another what to do with J.A. while they waited for defendant **GRAVES**, defendant **RICHARDS**, and DEDMON to arrive in the green Ford F250.

32. Defendant **BLALACK** and J. RICE distracted J.A. while waiting for DEDMON and defendants **GRAVES** and **RICHARDS** to arrive at their location.

33. Although DEDMON and defendants **GRAVES** and **RICHARDS** had left Brandon, Mississippi, after the white Jeep, the occupants of the two vehicles had been in contact with each other via electronic text and cellular telephone.

34. Defendant **BLALACK** and J. RICE were successful at keeping J.A. in the parking lot of the motel until DEMON and defendants **GRAVES** and **RICHARDS** arrived at approximately 5:00 a.m.

35. Defendant **RICHARDS** encouraged DEDMON to assault J.A.

36. DEDMON joined defendant **BLALACK** and J. RICE, who were interacting with J.A. in the parking lot.

37. The physical assault began when J. RICE struck J.A. in the face without provocation, knocking J.A. to the ground.

38. DEDMON then straddled J.A. and struck him repeatedly in the face and head with a closed fist.

39. Once the physical assault ended, defendant **BLALACK**, MONTGOMERY, J. RICE, and BUTLER left the motel parking lot in the white Jeep.

40. At least one of the co-conspirators in the white Jeep yelled, "White Power," as the Jeep left the motel parking lot.

41. Just before DEDMON rejoined defendants **GRAVES** and **RICHARDS** in the green Ford F250, he yelled, "White Power," and raised his fist in the air.

42. DEDMON returned to the driver's seat of the green Ford F250.

43. Defendant **RICHARDS** pointed out J.A. stumbling near the truck.

44. Defendants **GRAVES** and **RICHARDS** encouraged DEDMON to hit J.A. with his truck.

45. Defendant **RICHARDS** yelled a racial slur just before DEDMON ran over J.A.

46. DEDMON used his green Ford F250 to intentionally hit J.A.

47. J.A. died as a result of the injuries he sustained on June 26, 2011.

48. Over the course of the next few days, defendant **BLALACK** and other co-conspirators agreed to lie to authorities about their reasons for being in Jackson and about their interactions with J.A.

All in violation of Section 371, Title 18, United States Code.

## COUNT 2

Paragraphs 1-9 of the Manner, Means and Objects of the Conspiracy as alleged in Count 1 are incorporated by reference in this count. On or about June 26, 2011, in Hinds County, in the Northern Division of the Southern District of Mississippi, defendants **JOHN LOUIS BLALACK, SARAH ADELIA GRAVES, SHELBIE BROOKE RICHARDS,** and others known to the grand jury, aided and abetted by one another, willfully caused bodily injury to J.A., who is African American, by punching J.A. multiple times in the head and face, and using a dangerous weapon, to wit: a Ford F250-style motor vehicle to inflict bodily injury on J.A. because of his actual and perceived race and color. The death of J.A. resulted from the commission of this offense.

All in violation of Sections 249(a)(1) and 2, Title 18, United States Code.

## COUNT 3

Paragraphs 1-9 of the Manner, Means and Objects of the Conspiracy as alleged in Count 1 are incorporated by reference in this count. Between on or about April 1, 2011 and June 26, 2011, in Hinds County, in the Northern Division of the Southern District of Mississippi, defendants **JOHN LOUIS BLALACK** and **ROBERT HENRY RICE**, and others known to the grand jury, aided and abetted by one another, willfully caused bodily injury to an African American man on or near a golf course, by punching and kicking him multiple times in the body, head and face, because of his actual and perceived race and color. The co-conspirators used a dangerous weapon, to wit: shod feet, during the commission of this offense.

All in violation of Sections 249(a)(1) and 2, Title 18, United States Code.

COUNT 4

Paragraphs 1-9 of the Manner, Means and Objects of the Conspiracy as alleged in Count 1 are incorporated by reference in this count.  Between on or about April 1, 2011 and June 26, 2011, in Hinds County, in the Northern Division of the Southern District of Mississippi, defendants **JOHN LOUIS BLALACK** and **ROBERT HENRY RICE**, and others known to the grand jury, aided and abetted by one another, willfully attempted to cause bodily injury to an African American man, through the use and attempted of a dangerous weapon, because of his actual and perceived race and color, to wit:  using a Jeep-style motor vehicle to drive at an African American man.

All in violation of Sections 249(a)(1) and 2, Title 18, United States Code.

COUNT 5

Paragraphs 1-9 of the Manner, means and objects of the Conspiracy as alleged in Count 1 are incorporated by reference in this count. Between on or about April 1, 2011 and June 26, 2011, in Hinds County, in the Northern Division of the Southern District of Mississippi, defendant **JOHN LOUIS BLALACK**, and others known to the grand jury, aided and abetted by one another, willfully attempted to cause bodily injury to African American persons through the use and attempted use of dangerous weapons, to wit: glass beer bottles and metal ball bearings, because of the actual and perceived race and color of the persons assaulted.

All in violation of Sections 249(a)(1) and 2, Title 18, United States Code.

COUNT 6

Paragraphs 1-9 of the Manner, Means and Objects of the Conspiracy as alleged in Count 1 are incorporated by reference in this count. Between on or about April 1, 2011 and June 26,

2011, in Hinds County, in the Northern Division of the Southern District of Mississippi, defendants **JOHN LOUIS BLALACK** and **ROBERT HENRY RICE**, and others known to the grand jury, aided and abetted by one another, did use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: a hate crime at or near a golf course in Jackson, Mississippi as alleged in Count 3.

All in violation of Sections 924(c) and 2, Title 18, United States Code.

COUNT 7

Paragraphs 1-9 of the Manner, Means and Objects of the Conspiracy as alleged in Count 1 are incorporated by reference in this count. On or about June 26, 2011, in Smith, Rankin, and Hinds Counties, in the Northern Division of the Southern District of Mississippi, defendants **SARAH ADELIA GRAVES** and **SHELBIE BROOKE RICHARDS**, aiding and abetting one another during and after DOMINICK'S party, did solicit, command, induce and endeavor to persuade fellow partygoers to commit a hate crime against African Americans, in violation of Title 18, United States Code, Sections 249 and 2 (a federal felony that has as an element the use or attempted use of physical force against another person), and did so with intent that those individuals commit the hate crime and under circumstances strongly corroborative of that intent.

All in violation of Sections 373 and 2, Title 18, United States Code.

COUNT 8

Paragraphs 1-9 of the Manner, Means and Objects of the Conspiracy as alleged in Count 1 are incorporated by reference in this count. On or about August 25, 2011, in Copiah County, in the Northern Division of the Southern District of Mississippi, defendant **SARAH ADELIA GRAVES**, did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of a department

or agency of the United States by telling Special Agents from the Federal Bureau of Investigation that at the bonfire on June 25-26, 2011, she did not hear any person use any racial slurs at any time, and that she and her co-conspirators did not go to Jackson to target African Americans. The statements and representations were false because, as defendant **GRAVES** then and there knew, she did hear and use racial slurs at the bonfire on June 25-26, 2011; and she and her co-conspirators did go to Jackson to target African Americans.

All in violation of Section 1001(a)(2), Title 18, United States Code.

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

GREGORY K. DAVIS
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF MISSISSIPPI

JOCELYN SAMUELS
ACTING ASST. ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

GLENDA R. HAYNES
Assistant United States Attorney

SHELDON L. BEER
Trial Attorney
Civil Rights Division, Criminal Section

PAIGE M. FITZGERALD
Acting Chief
Civil Rights Division, Criminal Section

Returned in open Court on May 14, 2014
Linda R. Anderson
U.S. Magistrate Judge