# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                           **CRIMINAL NO. 3:14CR00087 HTW-FKB**

**JOHN LOUIS BLALACK, ET AL**

## RESPONSE AND OBJECTIONS TO MOTION FOR JURY QUESTIONNAIRE AND INDIVIDUAL VOIR DIRE

COMES NOW, Defendant John Louis Blalack, by and through counsel of record, and files this his Response and Objections to Motion for Jury Questionnaire and Individual Voir Dire, and in support thereof would show the following:

1. This matter is set for trial on January 26, 2015. The Government filed a Motion for Jury Questionnaire on November 19, 2014, which consists of approximately 91 questions and additional unnumbered questions. Defendant Blalack objects to the Government's request to submit the proposed Jury Questionnaire to the prospective jurors.

2. A jury should represent all types of people, races and cultures. However, the Questionnaire prepared by the Government seeks to limit the type of jury for the trial of this matter. The proposed Jury Questionnaire is extremely self-serving to the Government and serves to incite and inflame the passions of the jury, especially the questions relating to civil rights. The Sixth Amendment guarantees that the accused in a criminal prosecution "shall enjoy the right to...trial by an impartial jury..." Neither the prosecution nor the defense has the right to have voir dire conducted in such a way as to mold the jury in a way that the jury will be receptive to counsel's case. *See Schlinsky v. United States*, 379 F.2d 735, 738 (1st Cir.) *cert. denied.,* 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265 (1967).

3. Courts have determined that sensitive areas are beyond the scope of inquiry. Some of these include the following: *See United States v. Barnes*, 604 F.2d 121, 139-43 (2nd Cir. 1979), *cert. denied*, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980); *United States v. Taylor*, 562 F.2d 1345, 1355 (2nd Cir.)(educational backgrounds and whether prospective jurors had children); *United States v. Workman*, 454 F.2d 1124, 1128 (9th Cir.) *cert. denied*, 409 U.S. 857, 93 S.Ct. 138, 34 L.Ed.2d 102 (1972)(attitudes toward drug users, political activists and antiwar demonstrators); *Yarborough v. United States*, 230 F.2d 56, 63 (4th Cir.) *cert. denied*, 351 U.S. 969, 76 Sct. 1034, 100 L.Ed. 1487 (1956)(religious backgrounds and affiliations).

4. Further, the proposed Jury Questionnaire is unduly invasive and violates privacy rights. The right to privacy must preclude the offensive questions from being asked of any prospective juror. Case law recognizes that individual prospective jurors maintain equal protection rights during jury selection. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 114 S.Ct. 1419, 1422, 128 L.Ed.2d 89 (1994)(gender); *Shaw v. Hahn*, 56 F.3d 1128, 1130 (9th Cir. 1995)(race).

5. While it is within the discretion of this Honorable Court to grant or deny the Government's motion, Defendant Blalack respectfully submits that, with the exception of "pretrial" publicity, the government has not alleged nor shown what matters need to be explored by way of a jury questionnaire instead of the normal voir dire process, and due to same, Defendant Blalack objects to this request and submits that there is no need for the same. Defendant Blalack has no objection to individual voir dire if and when a potential juror indicates he or she has been exposed to any extensive "pretrial" publicity. If that matter arises, then counsel agrees a limited, individual voir dire may be appropriate.

6. In the alternative, should the Court be inclined to grant the Government's request as to the

juror questionnaire, then Defendant Blalack submits his objections to the following individual questions.

7. Specifically, Defendant objects to the following portions of the proposed Jury Questionnaire filed by the Government. The Statement of the Case found on page two is inaccurate. Counsel for Blalack has reason to believe that at least one of the other Defendants, if not all of the other Defendants, are going to change their pleas. The names of the other Defendants and their counsel, if they change their plea, would need to be resolved prior to the Jury Questionnaire being sent out to potential jurors. Therefore, this statement of the case is not going to be an accurate reflection.

8. Question No. 2. Do you have any difficulty reading, speaking or understanding English? Defendant objects to this question on the grounds that it is redundant. The general Jury Questionnaire sent out by the Clerk's office covers this question.

9. Question No. 3. Do you have any physical problem (for example, with your sight or hearing) that would interfere with your ability to serve? Defendant objects to this question on the grounds that it is redundant. The general Jury Questionnaire sent out by the Clerk's office covers this question.

10. Question No. 4. Are you regularly taking any medication that could affect your ability to serve? Defendant objects to this question on the grounds that it is vague.

11. Question No. 5. Do you suffer from any emotional or mental health problems? Defendant objects to this question on the grounds that it is redundant. The general Jury Questionnaire sent out by the Clerk's office covers this question.

12. Question No. 6. Do you hold any religious beliefs that may interfere with your jury

service? Defendant objects to this question on the grounds that it is discriminatory.

13. Question No. 7. (a) What is your age? (b) Are you: Male___ Female___. Defendant objects to this question on the grounds that it is redundant. The general Jury Questionnaire sent out by the Clerk's office covers this question.

14. Question No. 8. What is your place of birth? If outside the United States, please list the country. Defendant objects to this question on the grounds that it is redundant. The general Jury Questionnaire sent out by the Clerk's office covers this question.

15. Question No. 9. What is your ethnic background? (Check all that apply). White/Caucasian, not Hispanic; Black/African American, not Hispanic; Hispanic/Latino; Asian or South Asian; American Indian or Native American; Other, please specify. Defendant objects to this question on the grounds that it is redundant. The general Jury Questionnaire sent out by the Clerk's office covers this question.

16. Question No. 10. Are you: married, domestic partnership or common law marriage; single, never married; divorced/separated; widow/widower. Defendant objects to this question on the grounds that it is redundant. The general Jury Questionnaire sent out by the Clerk's office covers this question.

17. Question No. 11. Do you have any children? If yes, please fill out the chart below: Age, Sex, Education, Type of Employment. Defendant objects to this question on the grounds that it is redundant as far as the general question regarding do you have any children. The Jury Questionnaire sent out by the Clerk's office covers this question. Defendant further objects to the rest of this question on the grounds that it is not relevant and serves to inflame the jury.

18. Question No. 13: Do you: Own your home? Rent? Neither own nor rent, but live with

4

family/friends. Defendant objects to this question on the grounds that it is not relevant, discriminatory, and is economic discrimination.

19. Question No. 14. Are you: (Check any and all that apply) Self-employed? Employed full time? Employed part-time? Working in the home? Unemployed/laid off? Retired? Student? Disabled and unable to work? Defendant objects to this question on the grounds that it is generally covered by the general Jury Questionnaire. The specific questions are not relevant and they are economic discrimination.

20. Question No. 15(b). Do you (or did you) supervise employees in your work? Defendant objects to this question on the grounds that it is not relevant.

21. Question No. 15(c). What is your spouse/domestic partner's occupational status?(check all that apply) Work full time outside of the home; Work part time outside of the home; Full time homemaker; Homemaker with part time employment; Unemployed; Student; Retired; Disabled; Other. Defendant objects to this question on the grounds that it is generally covered by the general Jury Questionnaire sent out by the Clerk's office. Defendant further objects to this question on the grounds that it is not relevant and it is economic discrimination.

22. Question No. 15(d). If your spouse/domestic partner is employed, please describe what kind of work he/she does. Defendant objects to this question on the grounds that it generally covered by the general Jury Questionnaire sent out by the Clerk's office.

23. Question No. 16(a). Have you ever served in the military? Defendant objects to this question on the grounds that it is generally covered by the general Jury Questionnaire sent out by the Clerk's office.

24. Question No. 18. Would you say that you seek out positions of leadership when you

participate with others in your employment or other activities? Defendant objects to this question on the grounds that it is not relevant, an invasion of privacy, and is profiling.

25. Question No. 20. Also, include your source of radio talk shows. Defendant objects to this portion of question No. 20 on the grounds that it is not relevant, discriminatory and profiling.

26. Question No. 21. Do you ever listen to radio talk shows, turn to political commentators on TV or the radio, or do you ever visit political blog sites on the internet? Defendant objects to this question on the grounds that it is not relevant, discriminatory, an invasion of privacy and profiling.

27. Question No. 22. Have you read any of the following books or seen any of the following movies: a. The Turner Diaries by William L. Pierce; b. The Kloran by the Ku Klux Klan; c. My Undercover Years with the Ku Klux Klan by Gary Rowe; d. The Freedom of Summer Murders by Don Mitchell; e. Never Too Late by Bobby Delaughter; f. The Invisible Empire: The Ku Klux Klan by Anthony S. Karen; g. Klansville USA by David Cunningham; h. Mississippi Bridge by Mildred D. Taylor; i. Ghosts of Mississippi (1996 Movie); j. Mississippi Burning (1988 Movie); Four Little Girls (1997 historical documentary). Defendant objects to this question on the grounds that it is inflammatory, prejudicial, an invasion of privacy, and profiling.

28. Question No. 25. Please list organizations to which you or your spouse/domestic partner belong to, or in which, either of you participate, either now or in the past five (5) years. Please include any civic, social, religious, charitable, volunteer, political, sporting, professional, business, union, fraternal and recreational groups. Self, Spouse/Domestic partner. Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial and beyond the scope of reasonable voir dire. Further, the spouse/domestic partner's activities are not relevant and it is an invasion of privacy.

6

29. Unnumbered Question after 25. If you have listed an organization in your answer to question no. 20, have you ever held any office or title in any of the organizations you or your spouse/domestic partner have listed. Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial and beyond the scope of reasonable voir dire. Further, the spouse/domestic partner's activities are not relevant and it is an invasion of privacy.

30. Question No. 26. To what groups or organizations, if any, did you donate money, goods or volunteer time during the past five (5) years? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

31. Question No. 36. Have you ever had a dispute with any local, state or federal agency or any of its employees? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

32. Question No. 41. The defendants in this case are John Louis Blalack, Sarah Adelia Graves, Robert Henry Rice and Shelbie Brooke Richards. (a) Do you know, or think you have ever heard of any of the defendants or anyone related to them? Defendant objects to this question on the grounds that upon information and belief one or more of the other defendants is going to change their plea, therefore, they will no longer be a part of this criminal trial. This needs to be accurate before being sent to the potential jurors.

33. Question No. 42. Do you know, or have you ever heard of, any of the following attorneys who will be representing John Louis Blalack in this case? Robert (Bob) Waller, Jr. Defendant objects to this question on the grounds that Robert (Bob) Waller is not a Jr. The Jr. should be stricken from his name.

34. Question No. 43. Do you know, or have you ever heard of, any of the following attorneys who will be representing Sarah Adelia Graves in this case? Thomas Fortner. Defendant objects to this question on the grounds that upon information and belief one or more of the other defendants is going to change their plea, therefore, they will no longer be a part of this criminal trial. This needs to be accurate before being sent to the potential jurors.

35. Question No. 44. Do you know, or have you ever heard of, any of the following attorneys who will be representing Shelbie Brooke Richards in this case? Merrida (Buddy) Coxwell. Charles (Chuck) Mullins. Defendant objects to this question on the grounds that upon information and belief one or more of the other defendants is going to change their plea, therefore, they will no longer be a part of this criminal trial. This needs to be accurate before being sent to the potential jurors.

36. Question No. 45. Do you know, or have you ever heard of, any of the following attorneys who will be representing Robert Henry Rice in this case? Lawrence Coco. Defendant objects to this question on the grounds that upon information and belief one or more of the other defendants is going to change their plea, therefore, they will no longer be a part of this criminal trial. This needs to be accurate before being sent to the potential jurors.

37. Question No. 49. Please indicate how much you disagree or agree with each statement by circling a number on the scale. There are no right or wrong answers, only your opinions. a) I am very active and involved in my community. b) Dr. Martin Luther King Jr.'s Birthday should be a national holiday. c) I favor school integration. d) The police are thorough and accurate in their investigations. f) The police treat black men worse than white males. g) Racial discrimination is no longer a problem in the United States. h) Racial discrimination is no longer a problem in Mississippi. i) I believe that "reverse discrimination" toward whites is more common today than discrimination

8

against racial minorities. j) I support affirmative action programs for hiring more racial minorities. k) I consider myself a deeply religious person. e) It is unfair to prosecute a person as an adult who was under the age of 18 at the time he/she committed a crime. f) When a person says something to me, things like seeing their facial expressions, hearing their voice, and knowing the background of the statement helps me understand what they mean. Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, invades moral and religious beliefs, an invasion of privacy, and beyond the scope of reasonable voir dire.

 38. Unnumbered question following Question No. 49(f). In your opinion, what is the primary cause of racial tension and conflict? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, not relevant to the primary question, an invasion of privacy, and beyond the scope of reasonable voir dire.

 39. Question No. 50. Have you, your spouse, any close relatives any close friends ever had a serious relationship experience with a person of another race? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial an invasion of privacy, and beyond the scope of reasonable voir dire.

 40. Question No. 52. Have you, your spouse, any close relatives any close friends ever been accursed of racial discrimination? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire as it relates to the potential juror's spouse, close relatives or close friends.

 41. Question No. 53. In general, do you think our society treats people of all races equally? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

42. Question No. 55. Do you have any neighbors who are of a difference race than your own? If so, how do you feel about having neighbors of a difference race? If not, how would you feel about having neighbors of a difference race? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

43. Question No. 56. Is there any racial or ethnic group that you do not feel comfortable being around? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

44. Question No. 57. Which of the following best describes your current neighborhood? 1. All White residents. 2. Mostly White residents. 3. Mostly Black residents. 4. All Black residents. 5. Mixed race neighborhood. 6. Other. Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, beyond the scope of reasonable voir dire, and racial profiling.

45. Question No. 58. Do you know any couples in which the people are of different races? If so, what is their relationship with you, and how do you feel about their interracial relationship? If not, how would you feel about an acquaintance or family member being involved in an interracial relationship? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

46. Question No. 59. Do you believe that a person must be "racist" to commit a racially motivated crime? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire and is targeted at this Defendant based on the juvenile proceedings.

47. Question No. 60. Do you believe that a person can commit a racially motivated crime against an African American if that person has African American friends or acquaintances? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire and is targeted at this Defendant based on the juvenile proceedings.

48. Question No. 61. Have you, your spouse, any close relative or any close friend ever been a member of or made a contribution to any of the following groups? American Civil Liberties Union (ACLU); Americans for Preservation of the White Race (APWR); Any Militia or Patriot group; Any peace officers association (including FOP); Any political party (party_____); Anti Defamation League; Army of God, or World Church of the Creator; Aryan Nations, or National Alliance; Black Muslims; Black Panthers; Christian Identity Movement; Citizens Coalition; Congress of Racial Equality (CORE); Council of Conservative Citizens; Dixiecrat Party; Eagle Forum; Freemasons, or Order of the Eastern Star; The Heritage Foundation; John Birch Society; White Knights of the Ku Klux Klan (KKK) or Women's Auxiliary of the KKK; League of the South; Mothers Against Drunk Driving (MADD); Nation of Islam; National Alliance; National Association for the Advancement of Colored People (NAACP); National Organization of Women (NOW); National Rifle Association (NRA); National States Rights Party; New South Coalition; Posse Comitatus; Southern Christian Leadership Conference (SCLC); Student Nonviolent Coordinating Committee (SNCC); United Americans for Conservative Government; United Negro College Fund; White Citizens Council; World Church of the Creator. Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, political profiling, an invasion of privacy, and beyond the scope of reasonable voir dire.

49. Question No. 62. Do you believe that younger people should be held less accountable for their actions than older people? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

50. Question No. 63. Do you believe that young women should be held less accountable for their actions than young men? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, and beyond the scope of reasonable voir dire.

51. Question No. 64. Do you believe leaders and followers in a group should be held equally accountable for the actions of the group? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, beyond the scope of reasonable voir dire and calls for a legal conclusion which cannot be rendered by a lay person.

52. Question No. 65. This case involves allegations that the defendants participated in a conspiracy. It is a principal of law that a conspirator is responsible for the offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy. Do you agree with this principal of law? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, beyond the scope of reasonable voir dire and calls for a legal conclusion which cannot be rendered by a lay person.

53. Question No. 66. This case involves allegations that two of the defendants participated in a crime called solicitation. Under federal law, it is a crime for anyone to solicit, command, induce, or otherwise endeavor to persuade another person to engage in conduct constituting a felony that has

as an element the use, attempted use, or threatened use of physical force against another when done with intent that another person engage in that conduct and under circumstances strongly corroborative of that intent. Do you agree with this principal of law. Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, an invasion of privacy, beyond the scope of reasonable voir dire, and calls for a legal conclusion, prejudgment of the case and to commit to a conclusion before trial.

54. Question No. 67. Have you or anyone in your family ever owned a gun? Defendant objects to this question on the grounds that it is not relevant, discriminatory, prejudicial, invasion of privacy, invasion of moral beliefs, and beyond the scope of reasonable voir dire.

55. Question No. 68. Would you be inclined to give more or less weight to the testimony of a law enforcement officer over another witness for the mere fact that he/she is a law enforcement officer? Defendant objects to the form of the question. It is certainly reasonable to believe that a law enforcement officer is going to carry more weight than another witness. Further, Defendant objects on the ground that it calls for a legal conclusion and prejudgment of credibility of the witnesses. This very question is one that multiple Circuits have refused to ask. *See United States v. Contreras-Castro*, 825 F.2d 185, 187 (9th Cir. 1987).

56. Question No. 69. Would you be inclined to give more or less weight to the testimony of a religious leader over another witness for the mere fact that he/she is a religious leader? Defendant objects on the ground that this question calls for a prejudgment of the credibility of witnesses, is not relevant, inflammatory, prejudicial, an invasion of privacy, and invasion of moral and religious beliefs.

57. Question No. 70. Would you be inclined to give more or less weight to the testimony of

a person convicted of a crime over another witness for the mere fact that he/she has been convicted of a crime. Defendant objects on the ground that this question calls for a prejudgment of the credibility of witnesses, is not relevant, inflammatory, an invasion of privacy, prejudicial and invasion of moral and religious beliefs.

58. Question No. 71. Do you believe that if a person has lied about one thing he/she cannot be believed about anything else regardless of the reason for the lie? Defendant objects to the form of the question.

59. Question No. 72. Do you believe that if two people see the same event and remember it differently that one of them must be less than truthful? Defendant objects to the form of the question.

60. Question No. 73. Do you drink alcoholic beverages: Regularly (i.e., at least once a week); Intermittently (i.e. at least once per month); Rarely (i.e. once a year); Never. Defendant objects to this question on the grounds that it is not relevant. Defendant further objects on the ground that this question is inflammatory, an invasion of privacy, prejudicial and invasion of moral and religious beliefs.

61. Question No. 74. This case may involve testimony from witnesses who were under the influence of alcohol and/or drugs at the time certain events occurred. Would that fact alone cause you to disregard some or all of that witness's testimony? Defendant objects to the form of the question. Defendant further objects on the ground that this question calls for a prejudgment of the credibility of witnesses, is not relevant, inflammatory, an invasion of privacy, prejudicial and invasion of moral and religious beliefs.

62. Question No. 75. Do you believe that a person who is under the influence of alcohol at the time certain events occurred is more or less responsible for his/her actions? Defendant objects

to the form of the question. Defendant further objects on the ground that this question calls for a prejudgment of the credibility of witnesses, is not relevant, inflammatory, an invasion of privacy, prejudicial and invasion of moral and religious beliefs.

63. Question No. 76. Do you believe that the federal government plays too big a role in our society? Defendant objects on the ground that this question is not relevant, inflammatory, prejudicial, an invasion of privacy, and invasion of moral and religious beliefs.

64. Question No. 77. How important is it to you that the federal government prosecutes people who commit racially based crimes? Defendant objects on the ground that this question is not relevant, inflammatory, prejudicial, an invasion of privacy, and invasion of moral and religious beliefs.

65. Question No. 78. Do you believe that a person who has entered into a plea agreement with the government and who has agreed to testify is: more likely to tell the truth; less likely to tell the truth, equally likely to tell the truth. Defendant objects on the ground that this question calls for a prejudgment of the credibility of witnesses, is not relevant, inflammatory, an invasion of privacy, prejudicial and invasion of moral and religious beliefs.

66. Question No. 82. Do you generally 'hold your ground', when you feel that you are correct, or are you easily swayed by the strong influence of others? Always hold my ground; Generally hold my ground; Generally swayed by others; Almost always swayed by others. Defendant objects to this question on the grounds that is self-serving and unreliable. Defendant further objects on the ground is not relevant, inflammatory, and an invasion of privacy.

67. Question No. 83. Which of the following would you use to describe yourself? Please check all that apply. Aggressive, Analytical, Careful, Emotional, Free spirit, Hard-nosed, Impulsive,

Independent, Judgmental, Law & order, Logical, Naive, Non-conformist, Obsessive, Old-fashioned, Opinionated, Outspoken, Pessimistic, Private, Pro-government, Religious, Selfish, Shy, Sensitive, Skeptical, Strict, Technical, Thoughtful, Visual, Other. Defendant objects to the question on the grounds that it is not scientific, is self-serving and unreliable. Defendant further objects on the ground is not relevant, inflammatory, and an invasion of privacy.

68. Question No. 85. Please check the answer that most closely reflects your own opinion concerning the following statements: (a) Do you believe that "proof beyond a reasonable doubt" is too heavy a burden for the prosecution to have to meet in a criminal trial? (b) Do you feel that the criminal justice system generally treats criminals too harshly, about right or too leniently? Defendant objects to Question No. 85(a) in that it calls for a legal conclusion. Defendant objects to the form of Question No. 85(b) in that there is no option for "no opinion."

69. Many of the matters listed on the Government's proposed Jury Questionnaire are unduly invasive and violate the right to privacy of prospective jurors. Other matters sought to be explored are already covered by the standard voir dire procedure. Defendant Blalack respectfully submits that the Government's Motion for Jury Questionnaire should be denied.

WHEREFORE, John Louis Blalack respectfully moves the Court to enter an Order denying the Government's request for a jury questionnaire and individual voir dire, at least or until a prospective juror indicates he or she has been exposed to extensive "pretrial" publicity. In the alternative, the Defendant respectfully moves the Court to enter an Order limiting the questions on the jury questionnaire to those to which he has not stated an objection.

Respectfully submitted this 3rd day of December, 2014.

                                    JOHN LOUIS BLALACK, DEFENDANT

                              BY:    s/ Robert O. Waller
                                        ROBERT O. WALLER (MSB #6912)

OF COUNSEL:

Waller & Waller, Attorneys at Law
220 South President Street (39201)
Post Office Box 4
Jackson, Mississippi 39205
Telephone: (601) 354-5252
Facsimile: (601) 354-2681

## CERTIFICATE OF SERVICE

I, Robert O. Waller, the undersigned counsel of record for John Louis Blalack, hereby certify that on December 3, 2014, I filed the foregoing with the Clerk of the Court using the ECF system which thereby electronically served counsel of record.

    Gregory K. Davis, U.S. Attorney
    Roy Austin, Deputy Assist. Attorney General
    Sheldon L. Beer, Trial Attorney
    Paige M. Fitzgerald, Deputy Chief
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530

    Merrida Coxwell, Esq.
    Coxwell & Associates
    500 North State Street
    Jackson, Mississippi 39201

    Lawrence Coco, Esq.
    McRaney, Coco & Lee, PLLC
    800 Woodlands Parkway, Suite 107
    Ridgeland, Mississippi 39157

    Tom Fortner, Esq.
    Lowery & Fortner, P.A.
    525 Corrine Street
    Hattiesburg, Mississippi 39401

So Certified this 3rd day of December, 2014.

                              s/ Robert O. Waller
                              ROBERT O. WALLER